## GILLEN v. AMERICAN EMPLOYERS' INS. CO.

No. 7047.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1933.

Rehearing Denied Jan. 13, 1934.

W. H. Fryer and Robert E. Cunningham, both of El Paso, Tex., for appellant.

Allen R. Grambling, of El Paso, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

A verdict was instructed against appellant on her appeal from the refusal of the Industrial Accident Board to award her compensation under the Texas Workmen's Compensation Act (Rev. St. Tex. 1925, art. 8306 et seq. as amended) for the death of her husband, C. D. Gillen. There is no material conflict in the evidence. Gillen was working for Western Gas Company some miles from El Paso, Tex., furnishing his own truck, gasoline, and oil, and receiving $1 per hour for himself and it. His home was near El Paso. The company was under no obligation to convey him to or from his work, or to pay him except for the time he and his truck were on the job. He was not employed to transport other employees and had never done so. The company, however, was under obligation to transport other employees to El Paso on week ends and furnished its own truck and driver for that purpose. On Saturday, October 24, 1931, at noon work ceased. At the dinner table Gillen said he was going to El Paso and get gas and grease for his truck. Flores, who directed Gillen's work on the job, though he did not hire or pay him, asked: "Can I ride with you, Mr. Gillen?" and Gillen said: "Yes." Flores then asked if three other men could ride also, and Gillen consented. Flores testifies: "I did not tell him to bring them in and did not order him to bring them in, I simply asked permission to ride with him and permission for these three men to ride with him." Gillen said he would be glad to have them all, so he could have company on the way to town. The company's truck was also going to El Paso and there was room in it, but it would not have been so comfortable as to go with Gillen. Gillen was not promised or paid anything for letting the men ride. On the way to El Paso Gillen had a collision and was hurt. He died eight months later from the effects of his injuries, as appellant claims.

Under the Texas act "employee" means every person in the service of another under any contract of hire, express or implied, oral or written. Compensable injuries are those in the course of the employment and include all injuries having to do with and originating in the work of the employer while the employee is engaged about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. Rev. Civ. St. art. 8309, § 1. Since the company was under duty to carry the three employees to El Paso, Gillen's injury would appear to have occurred while engaged in furthering the company's affairs and business, though off the premises and on the highway, so as to be compensable if at the time he was an employee. We do not think he was. When noon struck, his employment and his pay ceased. In going alone in his own truck at his own expense to El Paso he would act as a stranger to his former employer. Unless what happened with Flores amounted to an extension of his original employment or a new employment he could not claim to be an employee of the gas company while on his way. There was no emergency in the company's affairs which would imply from its necessity any extension of his duties, for the company's truck was present and was going. Flores did not expressly employ Gillen to make the trip. No compensation was offered or expected. No order was given as by master to servant. Flores spoke not as the representative of the company but as one individual making a request of another for a favor personal to himself. For his own and for his friends' comfort he asked to ride with Gillen, who had already announced his purpose of going to El Paso. Gillen consented, not as a matter of employment by any one, but that he might have company on the way. As respects him the case is as though he had taken as guests men who had never worked for the company. No extension of his employment as a trucker was understood or intended. He was not an employee. The case is much like that of Central Surety Corporation v. Howard (C. C. A.) 47 F.(2d) 1049. Maryland Casualty Co. v. Kramer (C. C. A.) 62 F.(2d) 295, is readily distinguished because there the driver, who was subject in his employment to calls at all times, was ordered by his superior to take the vehicle on a trip which otherwise he would not have taken and was thus exposed to hazards which otherwise he would not have met. There was no error in instructing the verdict against recovery.

Judgment affirmed.