(No. 13151.—Judgment reversed.)

HENRY HENRY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(ABE GROSSMAN, Defendant in Error.)

*Opinion filed June 16, 1920.*

1. WORKMEN'S COMPENSATION—*employee who acts as volunteer is not protected by Compensation act.* There is no liability for injury to a workman unless he is at the time of the injury in the performance of some duty for which he was employed, and if he voluntarily and without his employer's direction or acquiescence undertakes work for which he was not employed and is injured while so engaged he is not within the protection of the Compensation act.

2. SAME—*when employee acts as a volunteer.* Where an employee who is hired to work at a particular machine finishes his assignment there and is directed to a second machine by a fellow-workman who had no authority over him, and thereafter is again directed by such fellow-workman to go to a third machine, where he is injured, the employee acts as a volunteer and cannot have compensation for his injury, although the foreman saw him working on the second machine but did not see him working on the third, which was more dangerous.

CARTER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILLIAM A. JENNINGS, for plaintiff in error.

SHAEFFER & FOSTER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Abe Grossman, a young man eighteen years old, was injured while working for the plaintiff in error on the first day of his employment, October 9, 1918. On his application the Industrial Commission made an award of compensation to him, which the circuit court of Cook county confirmed. A writ of error to the circuit court has been allowed.

The only question is whether the injury to the claimant arose out of and in the course of his employment. He was employed to do punch-press work and was put to work

by the foreman on a machine called a "kicker," which was operated by foot power and shaped pieces of tin used in the making of tin boxes in forms about four inches long, by turning up about a thirty-second of an inch at the edges. Two other machines in the room where the claimant was put to work were also used in the making of the boxes, both of which were power-driven. The first of these (the cutting machine) punched the blanks for making the boxes out of strips of tin three or four feet long. The second was a forming press, which formed the boxes. This machine was guarded so that anyone could run it, whether experienced or not, without any danger of getting hurt. It was the former machine by which the claimant was injured. This machine was not so strongly guarded as the other, was dangerous, and required care on the part of the operator to avoid injury. The claimant testified that he worked on the press the foreman told him to work at about an hour and completed all the work there was to be done on the kicker before he left it. He did not ask for more work to do on the kicker, but a young fellow whose name he did not know put him to work on the forming press and showed him how to run it. This young man worked near him on the kicker which the foreman had told the claimant to work on. Claimant worked on the forming press until noon and about three hours in the afternoon. The foreman came in and saw him working on this press but did not say anything to him. About four o'clock the claimant had run out of work on the forming press and the other young man told him to work on the cutting machine. Soon after he began working on this machine the accident occurred, by which the claimant's hand was caught in the machine and crushed so that the fingers had to be amputated. He was warned by the other employees as to the dangerous character of the machine. The foreman had no knowledge of the claimant's working at this machine, and the young man who told him to work on the cutting machine had no authority to do so

or to control or direct him as to where he should work or what he should do, but, so far as the evidence shows, was merely an employee with no more authority than the claimant. Another employee, named Gastoria, was in charge of the floor in the absence of the foreman, but there is no evidence that he had any authority to act as foreman or direct the work.

The compensation required by the Workmen's Compensation act is only for accidents which arise out of and in the course of the injured person's employment. There is no liability for injury to a workman unless the workman was at the time of the injury in the performance of some duty for which he was employed, and if a workman voluntarily and without his employer's direction or acquiescence undertakes work which he was not employed to do, he is not, as to such work, within the protection of the act. (*Dietzen Co.* v. *Industrial Board*, 279 Ill. 11; *International Harvester Co.* v. *Industrial Board*, 282 id. 489.) The claimant was employed and put to work at a particular machine. There is no evidence that he was ever told to work at any other machine by anyone acting by the authority of his employer. He went of his own will and worked at another machine for a time and then of his own will again went to a third machine, where he was hurt. If knowledge of the foreman that the claimant was working at another machine would have made the employer liable for an accident happening at such other machine, that rule cannot apply to an injury happening at a third machine, where the claimant, without his employer's knowledge, was engaged in other work than that which he had been told to do and was exposed to risks not incidental to such work.

The judgment of the circuit court will be reversed and the record of the Industrial Commission quashed.

*Judgment reversed.*

Mr. JUSTICE CARTER, dissenting.