Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MICHAEL SABATELLI, Respondent, for Compensation under the Workmen's Compensation Law, v. VITO DE ROBERTIS, Employer, and GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., OF PERTH, SCOTLAND, Insurance Carrier, Appellants.

Third Department, July 8, 1920.

**Workmen's Compensation Law — responsibility of insurance carrier as contractual — injury arising out of and in course of employment — claimant employed as manager and salesman injured at police station while arranging bail for customer at request of employer.**

The responsibility of an insurance carrier is founded on contract, and the contractual relation between it and the employer must always be kept in mind when considering the question of the insurance company's liability.

The injury did not arise out of and in the course of the claimant's employment where it appeared that the claimant was working for the employer as manager and salesman in a pastry and confectionery store; that he was sent by his employer to the police station to arrange for furnishing bail for a customer who was arrested in a saloon next door in which his employer had an interest, and that while at the police station he fell and received the injury.

JOHN M. KELLOGG, P. J., and COCHRANE, J., dissent, with memorandum.

APPEAL by the defendants, Vito De Robertis and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 15th day of September, 1919, and also from an award entered in the office of said Commission on the 9th day of January, 1920.

*Alfred W. Meldon* [*John Force Crater* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, and *Bernard L. Shientag,* of counsel], for the respondents.

KILEY, J.:

On March 10, 1919, the claimant was working for the employer, appellant, as manager and salesman in a pastry, ice-

cream and confectionery store at 176 First avenue, New York city; next door was a saloon in which the employer had an interest. On the day aforesaid one Loblino was arrested at the place for carrying a concealed weapon (revolver). The claimant's employer furnished a man to go upon his bail bond, and sent claimant to the precinct, or police station, to see if the bail offered would be accepted; if not he was to telephone Vito De Robertis, his employer, and he would go down and fix it; the bondsman offered was accepted, and the defendant with the bondsman and officer went up stairs, presumably to execute the papers. Claimant, after waiting for them to come down stairs so that he could ride back to his work in the automobile in which he came to the station, went up stairs to see what caused the delay; at or near the head of the stairs, an officer pushed him so that he fell down stairs and broke his leg. The Industrial Commission awarded claimant compensation, and from that award the appellants appeal. It seems to have been conceded that claimant's employment, when at the store, was hazardous, as that term is defined in group 34 of section 2 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705) and in subdivision 1 of section 3 of said statute (as amd. by Laws of 1917, chap. 705). The ground of this appeal, and for which appellants claim reversal, is that the injury was not received in the course of his employment; that it was not an accidental injury arising out of and in the course of his employment. (Workmen's Compensation Law, § 3, subd. 7, as amd. by Laws of 1917, chap. 705.) The responsibility of the appellant, insurance company, is founded on contract, and the contractual relation between it and the employer must needs always be kept in mind when considering the question of its liability. The sole question here is, was this injury received while the employee, claimant, was performing a service incidental to the character of the business of his employer in which he was employed (Workmen's Compensation Law, § 3, subd. 5, as amd. by Laws of 1917, chap. 705), and for the protection of which the insurance company entered into this contract. *McNicol's Case* (215 Mass. 497) in effect holds the above rule of construction, and that the character of the business in which the employee is engaged when injured

must not be " independent of the relation of master and servant." The relation of master and servant existed, and we get back to the query was what claimant was doing incidental to the service for which he was employed, and for harm from which the insurer engaged to indemnify the employer? The respondents urge that the contract of insurance covers this injury and that the service he was rendering at the time he received it was incidental to the business of his employer. Our attention is called to three authorities which respondents urge support their contention. In *Clarke* v. *Sherman, Inc.* (184 App. Div. 921), the employer was a canning company. It raised beans for canning in its own factory; employee was injured while gathering the beans from the field to take to the employer's factory to be canned. Held, this was service within the scope of his employment for the canning factory as such, and not as a farmer. In *O'Dell* v. *Bowman* (189 App. Div. 387) the claimant was sent out to prune apple trees. While there he mounted a ladder to pick apples off the trees he was about to prune or trim. The property was purchased for investment and profit; the claimant was engaged in repairing the buildings and surroundings for his employer so that it would present a more attractive appearance. No farming was carried on. Held, and rightly so, that picking the apples, as they were picked, under the circumstances existing, did not constitute claimant a farmer. In *Driscoll* v. *Gillen & Sons Lighterage, Inc.* (187 App. Div. 908; affd., without opinion, 226 N. Y. 568), the deceased employee was captain on a lighter; had been ashore for food and drink; was drowned at the pier when returning to his boat. In these cases it was properly held that the employee was performing an act or acts incidental to the service for which he was employed, and by reason thereof came under the provisions of the Workmen's Compensation Law. Section 10 of the Workmen's Compensation Law provides that the employer shall be liable for disability or death of the employee resulting from an accident " sustained by the employee arising out of and in the course of his employment." In *Matter of Moore* v. *Lehigh Valley R. R. Co.* (169 App. Div. 182) Mr. Justice LYON, formerly of this court, in a very able opinion, says of section 10 and the construction of the language used:

" The use of the conjunctive in the section above quoted indicates that the accidental injury must both arise out of and in the course of the employment. An accidental injury sustained during the course of the employment, but not arising out of the employment, as well as such an injury arising out of the employment, but not sustained during the course of the employment does not fall within the provisions of the Workmen's Compensation Law." Again, at page 184 of the opinion, he says: " A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service." The appellants urge that the opinion of the Court of Appeals in *Matter of Kender* v. *Reineking* (228 N. Y. 240) is controlling and decisive, in their favor, on this appeal; the circumstances are radically different. In the *Kender* case the contract for service was six days a week at three dollars per day and the period of service ended Saturday night at the usual quitting time. The court held that the service the employee was to render in repairing the auto was an independent contract and for work not designated as hazardous under the Workmen's Compensation Law; that because it was the same employer did not signify; it was the same as if he had hired to do the same job for a third party. *Matter of Newman* v. *Newman* (218 N. Y. 325), indulging in the same presumption in which the Court of Appeals indulged, comes nearer the principle that must be passed upon here. The employee was engaged as driver and deliveryman on a meat wagon; no deliveries were made after seven P. M., and the employee started out to make a delivery on foot, tripped over a pail of broken glass, severing a varicose vein and bled to death. The court says: " Assuming that the deceased while engaged in the delivery of meat with a horse and wagon and in any work under his employment incidental thereto would come within group 41 quoted, such provision of the act is inapplicable to the facts enumerated because the employee was not at the time either directly, indirectly, or incidentally engaged in the operation of a wagon propelled by a horse." Assume that Loblino had been engaged in a row on the street and the employer had sent claimant out to help Loblino against his opponent, and there received this injury, could it be successfully urged that the contract of

insurance covered such injury?  Is there any distinction in principle between this and that claimed for?  The proposition that this injury *arose out of and in the course of claimant's employment* and *by reason thereof was contemplated under this contract of insurance,* cannot be sustained.  What he was doing was outside of his contract of employment and was not such service as is designated as hazardous.

The award should be reversed.

All concur, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum, in which COCHRANE, J., concurs.

JOHN M. KELLOGG, P. J. (dissenting):

The employer was carrying on an ice cream parlor in which the claimant was employed.  Next door a liquor saloon was carried on in his name and in which he was interested.  A customer of both places was arrested in the liquor saloon and the employer asked his employee in the ice cream parlor to arrange bail.  Evidently it was for the interest both of the liquor saloon and the ice cream parlor that the customer should be well treated, and it was well within the scope of the employment that the employee, upon the order of the employer, should render the service he was rendering at the time of his injury.  If the employer was a self-insurer he could not well contest this claim.  The protection of the employee is the same whether the employer has insurance or is a self-insurer.  The insurer meets every liability against the employer.  We conclude upon the facts that the employer is liable, and that liability attaches to the insurer.  (Workmen's Compensation Law, § 54, subd. 2.)  When an employee, in the ordinary performance of his duty, is assaulted and injured thereby, he is entitled to compensation.

COCHRANE, J., concurs.

Award reversed and claim dismissed.