Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of LILA WOOD, Respondent, for Compensation under the Workmen's Compensation Law, *v*. A. T. PAPAW, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — injury to employee in fruit store — when employment not incidental to meat business also carried on by employer.**

Where an employer maintained a meat market and also during the summer carried on the separate business of selling fruit in another building, a person who was employed solely in the fruit store where she sustained injuries is not entitled to an award upon the theory that her services were incidental to the meat business of her employer.

APPEAL by the defendants, A. T. Papaw and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 26th day of February, 1920.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* with him on the brief], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

John M. Kellogg, P. J.:

The employer carried on a meat market at Lake Placid, at which he sold fruit, which was carried on by himself and two employees. During the summer months he carried on a fruit store in a separate building not adjoining the meat market. His wife and the injured employee attended to the business. The employee had never worked in the meat market but was employed June twenty-eighth to work in the fruit store and her employment would terminate at the close of the store in the fall, or sooner. It was not the intention that she should perform any service in or about the meat market. She sustained the injury while at work in the fruit store on August 9, 1919. The Commission has found that the principal business of the employer was carrying on the meat market and that the fruit store was merely incidental to it and that the claimant is within the Workmen's Compensation Law.

There is no evidence which justifies the conclusion that the claimant was employed in or about the meat market; the fruit store was so separated from it, and so far an independent business, that it cannot be said that the services of the claimant were merely incidental to the meat business.

In July, 1920, in Sabatelli v. DeRobertis (192 App. Div. 873), where the employer carried on a liquor saloon and an ice cream business in adjoining stores, the facts were similar to the situation here. There a person who was a customer of each store was arrested and the employer directed the employee to go with him to the police headquarters and attend to his bail, and the injury was sustained while he was at the headquarters giving the bail. It was held that the injury did not arise out of and in the course of the employment. While this case is not in all respects like the Sabatelli case, it seems to fall within the rule. The award should, therefore, be reversed, and the claim dismissed.

All concur.

Award reversed and claim dismissed.