## GUIVARCH et al. v. MARYLAND CASUALTY CO.

Circuit Court of Appeals, Fifth Circuit.
January 7, 1930.

Rehearing Denied January 30, 1930.

No. 5565.

E. E. Clack, of Dallas, Tex., for appellants.

Robert J. McMillan and Dick O. Terrell, both of San Antonio, Tex., for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was an action under the Texas Workmen's Compensation Law to recover compensation for the death of Louis Guivarch, who was the husband of one of the appellants and the father of the other. At the time of his death the deceased was an employee of the Jacobson Dredging Company, which was engaged in dredging work in Mobile Bay, in the locality called Pole Cat Bay, in the state of Alabama. He was employed as a leverman on the dredge Matagorda, which was stationed in the waters of the Bay 400 or 500 yards from land. The employer maintained a houseboat, called a quarter boat, which was stationed about 100 yards from the dredge, on which the employees, including the deceased, took their meals and slept. The employer maintained boats which were used in carrying employees from the quarter boat to the dredge, from the dredge to the quarter boat, and to and from the land. Those boats made numerous trips from the dredge to Mobile, eight or nine miles from where the dredge was, usually two or three times every day. Employees when off duty were permitted to go to land and return on those boats. They were at liberty to use boats of their own in going to and from land while off duty. The deceased had no duty to perform for his employer between the time his shift ended at 7 o'clock in the morning of the last day he was seen alive until 12 o'clock that night. During that interval he went to Mobile, where his wife was. She testified that he left her home that night between 9

and 10 o'clock. The deceased had a skiff or pirogue which he used in going to and from shore. His dead body was found in the waters of Mobile Bay several days after he was last seen alive. The watch he had on his person had stopped at 20 minutes to 11 o'clock. His skiff was found full of water, but not capsized, where apparently it had drifted ashore. The court directed a verdict in favor of appellee.

■■■ Under the compensation statute above mentioned, the appellants were not entitled to the relief sought unless the deceased came to his death as a result of an "injury sustained in the course of employment," which includes "injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Revised Civil Statutes of Texas 1925, art. 8309, § 1. It may be assumed that the evidence warranted a finding that the deceased came to his death while attempting to go in his skiff from the land to the dredge for the purpose of resuming his work on his next shift. The facts of the case do not bring it within rulings to the effect that an employee is to be regarded as acting within the course of employment, or subject to the risks thereof, while going to or from his place of work in a conveyance furnished by the employer for that purpose pursuant to an express or implied provision of the contract of employment. The deceased used his own skiff for his own convenience and purposes, and in doing so was not engaged in or about the furtherance of the affairs or business of his employer. London Guarantee & Accident Co. v. Thetford (Tex. Com. App.) 292 S. W. 857. In behalf of the appellants it was contended that the death of the deceased was due to a risk incident to his employment by reason of the fact that the injury resulting in his death was sustained at a place furnished by the employer for use by employees in getting to and from their place of work. In this connection reference was made to decisions involving injuries to employees at places furnished by employers for use by employees only in getting to and from their place of work, such ways of access and egress not being provided or intended for uses having no connection with the employer's business. Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S. W. 76; Employers' Liability Assur-

ance Corporation v. Light (Tex. Civ. App.) 275 S. W. 685. Such decisions are not applicable to the facts of the instant case. The waters of the Bay between the shore and the employer's dredge cannot properly be regarded as having been furnished by the employer for the use of its employees, and were not for use of employees only, but were open to the public generally for use. Where an employee is injured while he is not engaged in the work or business of his employer or in or about the furtherance thereof, and at a place not provided by his employer for use of employees only, the injury is not one sustained in the course of employment, though at the time it was sustained the employee, using his own vehicle or means of conveyance and a route chosen by himself, was going to or from his place of work. American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; London Guaranty & Accident Co. v. Smith (Tex. Civ. App.) 290 S. W. 774; Wall v. Royal Indemnity Co. (Tex. Civ. App.) 299 S. W. 319.

We conclude that the evidence adduced had no tendency to prove that the death of the deceased was due to an injury sustained in the course of his employment. It follows that the claim asserted by the appellants was not sustainable.

The judgment is affirmed.