## HUNDLEY v. HARTFORD ACCIDENT & INDEMNITY CO.
### No. 8063.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1937.

Edmund C. Yates and Dallas Scarborough, both of Abilene, Tex., and Spearman Webb, of Sherman, Tex., for appellant.

Joseph J. Eckford and Paul T. McMahon, both of Dallas, Tex., for appellee.

Before FOSTER and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

Appellant is the widow of Ray Hundley, deceased, and his sole beneficiary under the Workmen's Compensation Law of Texas (Rev.St.1925, art. 8306, as amended [Vernon's Ann.Civ.St. art. 8306 et seq.]). At the time of his death, he was employed by the Continental Oil Company as a retail and wholesale distributor of its products over a large area, including Denton, Tex., where he was fatally burned by flames from gasoline. The trial court gave a peremptory instruction to the jury to return a verdict for appellee, on the ground that appellant had failed to show, as the law required her to do, that he was engaged in the duties of his employment at the time of the injury.

The deceased was the owner of an airplane, which had been bought three days before the accident and placed in a hangar at the municipal airport. It does not appear that the Oil Company required or authorized the purchase, or knew of it, but the contention is made that he intended to use it to further the interests of his employer in his district by entertaining its customers and prospective customers, and by demonstrating to them the value of its products for use in airplanes and automobiles.

It is claimed that Hundley, in the course of his employment, went to the airport on the morning of the accident to sell gasoline for use in aviation. When he arrived there, his prospective customer, the manager of the airport, was absent, and two men were polishing the plane which Hundley had recently bought. The explosion which caused the injury happened within less than half an hour thereafter. From the time that he drove up and asked for the manager until he was burned, Hundley watched the two men waxing the plane and rubbing it with soft gauze.

There was a buffer lying on the ground in front of the plane which no witness saw before Hundley arrived; neither did any one see him bring it. He was seen with the buffer in his hand, trying to work the switch, turning it on and off; and there was some discussion about it being dirty and about the inadvisability of cleaning it. One of the witnesses went for tools to take the buffer apart. Another, referring to Hundley and his companion said: "They had a large buffer to polish the plane." He heard Hundley ask one of the boys about dipping it in a can of gasoline to clean it. The witness saw Hundley pick up the buffer and put it in the gasoline. Just as the latter did so, the motor started whirling and the explosion occurred. The facts are not in dispute.

The Texas Workmen's Compensation Act, after enumerating certain injuries which shall not be included in the term "in-

jury sustained in the course of employment," provides that the term "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employé while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Article 8309, R. C.S.1925. The action of the court in directing a verdict for the defendant must be tested by the application of this provision to the facts of this case.

If it be conceded that Hundley bought the plane for the purpose claimed, it was not being used for that purpose at the time of the accident. In fact, it was not being used at all, but was in the hangar, undergoing a polish to bring out the colors of the paint. Presumably, this work was being done by servants of the owner. If it be further conceded that Hundley went to the airport that morning with the intention of selling gasoline to its manager, he did not go in the plane, but went in an automobile, and probably would have returned in one if the injury had not occurred. The prospective customer being absent, the deceased turned aside from his employment and undertook to clean a buffer which was to be used in polishing the plane. While so engaged, the explosion occurred. The injuries received at that time did not originate in work for his employer, and had nothing to do with his duties as a gasoline salesman. The effort to clean the buffer was a work apart from his employment, and the hazard of so doing was not a risk incident to his business as a commission agent. His intention to use the plane in his employer's business at some future time was never executed. He met his death by voluntarily exposing himself to a causative danger which was wholly independent of his relation to the company. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 110, 246 S.W. 72, 73, 28 A.L.R. 1402; Bugh et al. v. Employers' Reinsurance Corp. (C.C.A.) 63 F. (2d) 36; Guivarch v. Maryland Cas. Co. (C.C.A.) 37 F.(2d) 268; Texas Employers' Insurance Ass'n v. Bailey (Tex.Civ. App.) 266 S.W. 192; Aetna Life Ins. Co. v. Burnett (Tex.Com.App.) 283 S.W. 783; Aetna Life Ins. Co. v. Matthews (Tex.Civ. App.) 47 S.W.(2d) 667; Ocean Accident & Guarantee Corp., Ltd., v. Riggins (Tex. Civ.App.) 291 S.W. 276.

Also cf. In re McNicol (In re Employers Liability Assurance Corporation, Ltd.), 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306; Priglise v. Fonda, J. & G. R. Co., 192 App.Div. 776, 183 N.Y.S. 414, 20 N. C.C.A. 580; Henry v. Industrial Commission, 293 Ill. 491, 127 N.E. 714; Farrington v. United States R. R. Administration, 228 N.Y. 564, 127 N.E. 272, 20 N.C. C.A. 581; Sabatelli v. De Robertis, 192 App.Div. 873, 183 N.Y.S. 796; Ross v. Independent School District No. 1, 49 S.D. 491, 207 N.W. 446; Pittsburgh Coal Co. v. Industrial Commission, 323 Ill. 54, 153 N.E. 630; San Francisco & S. Ry. Co. v. Industrial Accident Commission (Cal.App.) 251 P. 931; De Salvo v. Jenkins, 205 App. Div. 198, 199 N.Y.S. 843; Wilson v. Dakota Light & Power Co., 45 S.D. 175, 186 N. W. 828; Spooner v. Detroit Saturday Night Co., 187 Mich. 125, 153 N.W. 657. L.R.A.1916A, 17.

The judgment of the district court is affirmed.