**GOMBERT v. LONDON GUARANTEE & ACCIDENT CO., Limited.***

No. 8879.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1938.

*Rehearing denied Jan. 16, 1939.

Geo. M. Mayer and M. J. Arnold, both of San Antonio, Tex., for appellant.

J. C. Hall and A. V. Knight, both of San Antonio, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, as plaintiff, sued on an insurance policy issued under the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.St. art. 8306 et seq. On the trial, the district court peremptorily instructed the jury to find for the defendant. From a judgment entered on the verdict, this appeal was prosecuted.

On October 23, 1937, appellant was injured as a result of being struck by a fast-moving automobile in the city of Austin, Texas. He was employed by the Cutler Mail Chute Company, and it is alleged that he was injured in the course of his employment. On the other hand, the appellee asserts that his injuries did not arise out of his employment, but occurred in a street accident having nothing to do with his work or trade.

The facts are practically without dispute. Appellant and W. S. Seng, a manufacturer's agent, went to the Stephen F. Austin Hotel to replace the mail chute on the first ten floors and to install new ones on the five additional stories that were being superimposed upon the ten then existing. The appellant was paid at the rate of $8 a day from the time he left San Antonio until he got back; but, if he worked more than eight hours a day, he was paid $1 an hour for over-time. He was to receive his travelling expenses, including his room and meals, also the gasoline and oil necessary for the use of his car in making the trip to and from Austin, and while the car was being used in connection with the particular work in Austin. They arrived from San Antonio about noon, and tried to begin work at once, but could not get the use of the freight elevator until 8 o'clock that night.

At the suggestion of Mr. Seng, they went out to the University to see several things of interest and to get supper. After they had inspected the University and grounds, Mr. Seng suggested or directed that they go over to a cafe and get supper, which they did. While they were eating, they talked, incidentally, about the work they were going to do that night. After supper, they left the cafe to return to the hotel to go to work; and, in walking to their car across the street, both of them were injured as above stated.

We agree with the district judge that the policy sued on was intended to cover occupational injuries, and that this accident did not occur when appellant was about his master's business. It is true, the tools to be used were in the car in which they drove out to the University; but they went on business or pleasure of their own, and might have gone elsewhere for supper if Mr. Seng had not personally preferred the Night Hawk Cafe.

It may be conceded that Seng was appellant's superior and had the right to control and direct his services, but the latter was under no compulsion to make the trip which ended with the accident. It is perfectly clear that neither of them was acting for the Cutler Mail Chute Company in seeing the University and getting supper. Appellant was fully apprised of the fact that the only place they had any work to do was at the hotel, and that they could not begun it until 8 o'clock. So they went sight-seeing and to get supper, and while they were doing this the accident happened. Smith v. Texas Employers' Ins. Ass'n, Tex. Com.App., 105 S.W.2d 192; American Indemnity Co. v. Dinkins, Tex.Civ.App., 211 S.W. 949; London Guaranty & Accident Co. v. Smith, Tex.Civ.App., 290 S.W. 774; Wall v. Royal Indemnity Co., Tex.Civ.App., 299 S.W. 319; Guivarch v. Maryland Casualty Co., 5 Cir., 37 F.2d 268; Hundley v. Hartford Accident and Indemnity Co., 5 Cir., 87 F.2d 416.

The judgment of the district court is affirmed.