## CARPENTER v. HARTFORD ACCIDENT & INDEMNITY CO.

### No. 13973.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 20, 1939.

R. Curtis McBroom and Lester C. Boone, both of Fort Worth, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson and Frank F. Taylor, all of Fort Worth, for appellee.

BROWN, Justice.

This is a Workman's Compensation case, in which appellant, Mrs. Margaret Carpenter, the mother of the deceased employee, seeks to recover, under the provisions of the Workmen's Compensation Laws of Texas, Arts. 8306 to 8309, R.C.S., Vernon's Ann.Civ.St. arts. 8306 to 8309, for the death of her son, who was killed in an automobile accident, at a time when he was an employee of a compensation insurance carrier named J. A. Taylor, doing business as Taylor's Home Made Ice Cream Company.

General allegations were made to meet the requirements of the Workmen's Compensation Laws, but when the details of the employment, and of the acts of the employee, at the time of the accident, and of the place and circumstances under which he was killed, are given, we find the following:

"That on and prior to April 5, 1937, John Carpenter, Jr., deceased, was regularly employed by J. A. Taylor D. B. A. Taylor's Home Made Ice Cream Company, having been employed to serve ice cream, and to sell same, and to dish up ice cream for the car hoppers at the employer's main store and to work elsewhere in the furtherance of his employer's business and to perform such other services and duties as his employer and his agents might require during the course of his employment; that on the 4th day of April A. D. 1937, while an employee of J. A. Taylor D. B. A. Taylor's Home Made Ice Cream Company as aforesaid, John Carpenter, Jr. was required, directed, and instructed by J. A. Taylor and deceased's immediate superior, C. B. McWilliams, to attend the funeral of his employer's father at Mineral Wells, Texas, to be held on April 5, 1937; that deceased with other employees whose names are unknown to plaintiff but well known to defendant were as aforesaid required, instructed, and directed to meet at the employer's main store on the morning of April 5, 1937, and were instructed and directed by J. A. Taylor and C. B. McWilliams that transportation would be furnished for deceased and his fellow employees as aforesaid and that they would receive compensation for such day's work; that deceased and his fellow employees as were likewise instructed and directed by J. A. Taylor and C. B. McWilliams to return to their respective places of employment immediately upon their return from said funeral; that on such April 5, 1937, in obedience to said requirements, instructions, and directions, deceased appeared at his employer's main store and was there instructed and directed to ride with and was without cost furnished transportation in an automobile of Thomas Taylor, son of deceased's employer; that while traveling in said automobile during regular business hours 11 and 11:30 a. m., en route to said funeral said car became involved in a collision or wreck in Parker County, Texas, on the Fort Worth-Mineral Wells Highway, a short distance west of the city of Weatherford; that said wreck and collision was accidental and that as a result thereof deceased received injuries from the effects of which he died on April 12, 1937. That in traveling to said funeral in the manner and under the circumstances aforesaid deceased, as an employee, received an injury having to do with and originating in the work, business, trade, or profession of

his employer and while engaged in or about the furtherance of the affairs or business of his employer."

The trial court sustained a general demurrer to the petition and one special exception to a certain allegation, and, appellant having declined to amend, judgment was entered dismissing the cause and taxing the plaintiff with the costs. From this order plaintiff, Mrs. Margaret Carpenter, has appealed.

Whether or not the trial court correctly sustained the special exception to a part of the quoted allegations is of no consequence in this case.

The allegations touching the employment, the services to be rendered and the business of the employer, make it self evident that the employee was not engaged in any character of work for his employer, contemplated by the provisions of the Workmen's Compensation Laws.

Art. 8309, section 1, second subsection 4 thereof, stipulates: "But shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employé while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

In defining "employee", the following language was used: " 'Employé' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written, * * * except one whose employment is not in the usual course of trade, business, profession or occupation of his employer." Art. 8309, sec. 1.

This was the law when the employee here was killed.

Since young Carpenter was killed, the 45th Legislature of the State of Texas amended Sec. 1 of Art. 8309, Vernon's Ann. Civ.St. art. 8309, § 1, by adding the following: "Provided that an employee who is employed in the usual course of the trade, business, profession or occupation of an employer and who is directed or instructed by his employer to perform service outside of the usual course of trade, business, profession or occupation of his employer is also an employee while performing such services pursuant to such instructions or directions; and provided further that such persons, other than independent contractors and their employees, as may be engaged in the work of the employer of enlargement, construction, remodeling or repairing of the premises or buildings used or to be used in the conduct of the business of the employer shall be deemed employees."

These amendments, which were effective May 5, 1937, were obviously enacted to meet the reasoning found in the following opinions: Wells v. Lumbermen's Reciprocal Ass'n, Tex.Com.App., 6 S.W.2d 346; Texas Employers Ins. Ass'n v. Wright, 128 Tex. 242, 97 S.W.2d 171; Oilmen's Reciprocal Ass'n v. Gilleland, Tex.Com. App., 291 S.W. 197, and such like cases. In fact, the emergency clause so declares and expressly mentions the decision in the case of Texas Employers Ins. Ass'n v. Wright, supra. But even the amendment, as evidenced by the emergency clause, contemplates that the employees be engaged in "work or acts unusual to their regular employment, but within the general scope and in furtherance, or in the interest, of the business, trade, profession or occupation of the employer." Vernon's Ann.Civ.St. art. 8309 note.

Attending the funeral of the employer's father, however laudable and commendable, cannot be said to bring the employee within the scope of the Workmen's Compensation Laws. The cases cited support our views.

The judgment is affirmed.