## REEVES v. LIBERTY MUT. INS. CO.
### (two cases).
### Nos. 185, 186.

District Court, N. D. Texas,
Wichita Falls Division.

Aug. 9, 1943.

Robertson, Leachman, Payne, Gardere & Lancaster, and Fred T. Porter, all of Dallas, Tex., for the motions.

Donald & Donald, of Bowie, Tex., and T. R. Boone, of Wichita Falls, Tex., opposed.

ATWELL, District Judge.

Plaintiffs were employees of Jones & Brooks, and were engaged in laying a pipe-line in the northern part of Clay Coun-

ty, Texas. Each claims that his work begun at 8 o'clock in the morning and continued to 5 o'clock in the afternoon. That they had no method of transporting themselves for the twelve or fifteen miles necessary to reach their work each morning, and it was a part of their contract with their employers that they would be transported from a certain point on Highway No. 82, each morning, to the place of work for that particular day. That it was provided that they must be at that point before 8 o'clock each morning, and await the coming of the employer's truck. That if they were late they would be docked. That in pursuance of such arrangement and agreement they were carried from that particular point by the truck to different places along the pipe-line for the performance of their daily work.

That on December 8th, 1942, while waiting at said point in pursuance to said contract for transportation as aforesaid, "and while in the course of employment with said Jones & Brooks, it still being dark, the truck which was to carry them being late, and there being a car near, which was on the side of the highway, such car was struck from the rear by another truck proceeding in an easterly direction at a terrific rate of speed, and the car which was at rest, was thrown against each of the plaintiffs, seriously injuring each of them."

Each sues for what he conceives to be his rights under the Texas Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq.

The defendant, having written the insurance, moves to dismiss on the ground that they were injured on the highway, which was a hazard and risk to which all travelers alike upon such highway were subjected, and that the injuries were not to be regarded as within the course of employment.

■ An injury is not compensable, under this Act, if it occurs while an employee is going to or from his place of work, to or from his home, and traveling the public highway. American Indemnity Co. v. Dinkins, Tex.Civ.App., 211 S.W. 949; Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Texas Employers Ins. Ass'n v. Grammar, Tex.Civ.App., 157 S.W.2d 701; Smith v. Texas Employers Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192; London Guaranty & Accident Co. v. Thetford, Tex.Com.App., 292

S.W. 857; United States F. & G. Co. v. Flanagan, 134 Tex. 374, 136 S.W.2d 210; Clark v. Commercial Casualty Ins. Co., 5 Cir., 95 F.2d 58, 59; Insurors Indemnity & Insurance Co. v. Lankford, Tex.Civ.App., 150 S.W.2d 288; Republic Underwriters v. Terrell, Tex.Civ.App., 126 S.W.2d 752.

■ There are some other cases which deal with the presence of the employee upon the street by reason of instructions of his employer, such as, Ætna Life Ins. Co. v. Palmer, Tex.Civ.App., 286 S.W. 283; London Guaranty & Accident Co. v. Smith, Tex.Civ.App., 290 S.W. 774; Gombert v. London Guarantee & Accident Co., 5 Cir., 100 F.2d 352; Royalty Indemnity Co. v. Madrigal, Tex.Civ.App., 14 S.W.2d 106; and Carpenter v. Hartford Accident & Indemnity Co., Tex.Civ.App., 133 S.W.2d 181. But neither of those cases comes within the meaning of the term, "injury received in the course of employment." The statute requires that it must be shown that the injury originated in the work, and, further, that it was received by the employee while engaged in and about the furtherance of the affairs of the employer.

The pleaded facts here show an instruction to be at a certain point at a certain time for the convenience of the employer. That place was a place of hazard. They were at work at the time and place required, so far as contract, pay, and convenience of all the parties is concerned.

■ Cases which come nearer ruling the question are: Fritzmeier v. Texas Employers' Ins. Ass'n, 131 Tex. 165, 114 S.W.2d 236, and Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238. These two cases by the Supreme court of Texas point us to the fact that the statute is remedial and requires liberal construction for the purpose of accomplishing its purpose and the promotion of justice. That when there is an arrangement, or contract, between an employee and an employer, that the employer will carry or transport the employee back and forth to his work, for the benefit of both the employer and the employee, thereby expediting the work with a greater convenience to all concerned, the transportation is connected with the employment.

The Wright case goes to the extent of charging the employer with the risks incident to the riding of an employee upon a public conveyance, if this was known to the employer, and if the employee is required

to travel from place to place, the means of such travel being immaterial to the employer.

The presence of the plaintiffs on the highway was incident to their work. The place of the injury was where the employer had directed them to be. They were under the directions of the employer. See also United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453; Winder v. Consolidated Underwriters, D.C., 25 F.Supp. 451; affirmed 5 Cir., 107 F.2d 973; Mitchell v. Fidelity & Casualty Co., D.C., 43 F.Supp. 900; Republic Underwriters v. Warf, Tex. Civ.App., 103 S.W.2d 871.

The motion must be overruled.