(No. 12685.—Judgment affirmed.)

CLIFFORD A. RAINFORD, Defendant in Error, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed October 27, 1919.*

1. MASTER AND SERVANT—*what necessary to deprive employer of defense of contributory negligence of an employee.* To deprive an employer of the full defense of contributory negligence of his employee on the ground that the employer had elected not to come under the Workmen's Compensation act the injury must be one arising out of and in the course of the employment; and this question is raised by a motion, at the close of the evidence, to direct a verdict of not guilty.

2. SAME—*when an accident arises out of employment.* To arise out of the employment the accident must be incidental to performing the contract of service, and the origin or cause of the accident must belong to and be connected with the contract of service.

3. SAME—*when an accident occurs in the course of employment.* An injury is suffered in the course of the employment where the accident occurs in the doing of something which the employee may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time to do that thing.

4. SAME—*act of procuring lunch is incidental to employment.* The act of procuring lunch is reasonably incidental to the performance of the work of an employee, and an injury to an employee while on his way to order a lunch prepared at the proper time, and which occurs while he is still on the premises of the employer, arises out of and in the course of the employment.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

HARRY P. WEBER, GEORGE W. MILLER, and ARTHUR J. DONOVAN, (JOHN R. GUILLIAMS, and FRANKLIN B. HUSSEY, of counsel,) for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A petition for a writ of *certiorari* was allowed for a review of the judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in favor of Clifford A. Rainford, defendant in error, against the Chicago City Railway Company, plaintiff in error, for $4500 damages and costs on account of a personal injury sustained by being struck by a south-bound street car on State street, between Fifty-ninth and Sixtieth streets, in Chicago, on June 30, 1913.

The amended declaration contained two counts, but the court instructed the jury to disregard the first count and submitted the issues raised by the second count and pleas of the general issue and a denial of ownership and operation. The second count, as finally amended, alleged ownership and operation by the defendant of a double-track street railway on State street; that plaintiff was a conductor on one of its cars running north along the east track; that the car was stopped 200 feet south of Fifty-ninth street and permitted to stand temporarily at that place; that while so stopped and standing the defendant operated another car south on the west track; that plaintiff rightfully attempted to cross the west track, and the defendant ran the south-bound car past the first mentioned car at a high rate of speed without giving any sufficient warning and struck the plaintiff, causing an injury, and that the defendant had elected not to provide and pay compensation according to the provisions of the Workmen's Compensation act of 1911.

There was no evidence of the alleged high rate of speed, but, on the contrary, the car was running at a very moderate rate and stopped almost immediately after the accident. The only disputed fact was whether a warning was given of the approach of the south-bound car, four witnesses for the plaintiff testifying that they did not hear any

gong and six witnesses giving affirmative testimony that
the gong was rung.  Whether it was or not, probably no
court or jury would acquit the plaintiff of contributory neg-
ligence, because he exercised no care whatever for his own
safety and offered no excuse for a failure to see the ap-
proaching car, and his negligence would have barred any
action on account of his injury except for the elimination
of that defense by the Workmen's Compensation act, which
provides that such negligence shall be considered by the
jury in reducing the amount of damages.  The serious ques-
tion, therefore, is whether the accident came within the
provisions of the Workmen's Compensation act.  The peti-
tion for a writ of *certiorari* was upon the ground that it
did not, and the argument on the hearing is to the same
effect.  The question was raised by a motion, at the con-
clusion of the evidence, for a directed verdict of not guilty,
and the error assigned on the refusal of the motion is open
as a question of law in this court.

The plaintiff was employed as an extra conductor for
three months before the day of the accident and his previ-
ous runs had been on State street from Sixty-third street
down-town, and there had always been a restaurant at the
end of the line where he could get his lunch, and a period of
fifteen or twenty minutes was allowed by the defendant for
lunch at the end of the line between the second and third
trips. , The night before the accident he was assigned to
the run on State street from Seventy-ninth street down-
town.  On that run he found that there was no restaurant
at the end of the line, which was open prairie, and there
was no place to obtain lunch there to be eaten during the
lunch period.  He lived at 5912 State street, on the west
side of the street between Fifty-ninth and Sixtieth streets,
just south of where the elevated railroad crossed State
street.  When the plaintiff became aware that there was
no restaurant at the south end of his run he told his mo-
torman to stop the car in front of his house so that he

could run over and order his lunch prepared for him in time to pick it up on his way back and take it to Seventy-ninth street, where he would eat it during the regular lunch period. When the car arrived in front of plaintiff's house the motorman stopped it and the plaintiff got off on the east side at the rear end and went round the rear of the car upon the west track, where he was struck by the south-bound car.

To bring an accident within the Workmen's Compensation act it must arise out of the employment. The origin or cause of the accident must belong to and be connected with the contract of service. To arise out of the employment the accident must be incidental to performing the contract of service. The accident must also be suffered in the course of the employment in the doing of something which the employee may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time to do that thing. (*Dietzen Co.* v. *Industrial Board,* 279 Ill. 11; *Central Garage of LaSalle* v. *Industrial Com.* 286 id. 291.) The question presented to the superior court, therefore, on the motion to direct a verdict, was whether there was evidence fairly tending to prove that the stopping of the car and the act of plaintiff in arranging for his lunch were connected with his contract of service and incidental thereto, and if so, whether the act of the plaintiff was one which he might reasonably do at the place and under the existing circumstances. Such an act as procuring lunch is reasonably incidental to the performance of the work of an employee, being one of the necessities imposed by nature. That which is reasonably necessary to the health and comfort of the employee, although personal to him, is incidental to the employment and service. (*Boyle* v. *Columbia Fireproofing Co.* 182 Mass. 93; *In re Sundine,* 218 id. 1; *Milwaukee Western Fuel Co.* v. *Industrial Com.* 159 Wis. 635; *Archibald* v. *Ott,* 77 W. Va. 448.) The plaintiff was still on the tracks of

the defendant at the time of the accident, and it does not follow that there would have been a liability for an accident happening at a restaurant or at his home. The decision in *Nelson Railroad Construction Co.* v. *Industrial Com.* 286 Ill. 632, was on the ground that the injury occurred when McGhan was using a way which he had no right to use, in violation of his instructions, but in this case the injury was received as a natural incident of the employment. The court did not err in refusing to direct a verdict.

Objection is made to instruction No. 2 given at the instance of the plaintiff, which quoted section 1 of the Workmen's Compensation act and advised the jury that if the evidence showed it was reasonably necessary and incidental to the proper performance of plaintiff's duty as conductor that he should have his lunch at the time and place allowed for that purpose, and that it was reasonably necessary and proper for him to leave his car and cross the street to his home and make arrangement for procuring his lunch and was injured while so doing, he was acting within the scope of his employment and his injuries arose out of and in the course of his employment, within the meaning of the statute. It cannot be doubted that it was reasonably necessary and incidental to his employment that the plaintiff should have his lunch at the time and place allowed by the defendant for that purpose, and if it was reasonably necessary and proper for him to attempt to make the arrangement he did, then, as a matter of law, the injury did arise out of and in the course of his employment and the instruction was correct.

Objection is also made to instruction No. 5, which purported to give to the jury what elements were to be considered in estimating any damages allowed to the plaintiff, and it omitted the element of plaintiff's contributory negligence in reducing the amount of damages. As originally tendered by plaintiff it concluded with this statement: "You are further instructed that if you believe from the evidence

that the plaintiff was guilty of contributory negligence, such contributory negligence shall be considered by you in reducing the amount of damages, if any, to which plaintiff might otherwise be entitled." Defendant's counsel objected to this paragraph and it was struck out, so that no complaint can be made of the omission. While the omitted element was quite important, it was included in instructions Nos. 2 and 7.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*