**LONDON GUARANTY & ACCIDENT CO.,**
**Limited, v. SMITH. (No. 428.) \***

(Court of Civil Appeals of Texas. Waco. Dec. 9, 1926. Rehearing Denied Jan. 27, 1927.)

**1. Master and servant ⬅375(2)—Injury to employee on way to supper held not in "course of employment" within Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).**

Where store clerk was directed by employer to get supper, and return as soon as possible so as to be ready to go with him to select goods, injury while on way to supper was not in "course of employment," within Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

**2. Master and servant ⬅371 — "Injury in course of employment" must be one originating in work (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306 et seq.]).**

"Injury received in course of employment" within Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.) must be one originating in work, and received while engaged in or about the furtherance of employer's affairs.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by Miss Eura Smith against the London Guarantee & Accident Company, Limited,

to set aside an award of the Industrial Accident Board. From a judgment for plaintiff, defendant appeals. Reversed and judgment rendered for defendant.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

R. H. Vogel, of Dallas, and J. D. Stephenson, of Hillsboro, for appellee.

STANFORD, J. [1] Appellee filed this suit to set aside an award of the Industrial Accident Board, and to recover of appellant, under the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), compensation for certain injuries sustained by her on October 25, 1925, while in the employ of Martin-Dandridge Company, a subscriber to the Employers' Liability Act of the state of Texas. The only issue involved in the case was and is whether or not the injuries which were received by appellee were received while she was in the course of her employment with the Martin-Dandridge Company, within the meaning and intention of said Workmen's Compensation Act. The trial court instructed a verdict for appellee for $681.96, and entered judgment accordingly.

Under appellant's assignments of error it claims the court erred in refusing to instruct a verdict for defendant, and in rendering judgment for the plaintiff, because, as it contends, the undisputed evidence shows that at the time the plaintiff received her injuries she was not in the course of her employment within the meaning of the Workmen's Compensation Act, with the Martin-Dandridge Company. There is no conflict in the evidence. The record discloses the following state of facts bearing upon the only question involved:

Appellee was employed by Martin-Dandridge Company in Hillsboro in the capacity of saleslady and buyer, and was so employed on Saturday, October 25, 1925. The store closed at 9 o'clock on Saturday nights. Mr. Martin, the manager of Martin-Dandridge Company, about 6 p. m. on said date told appellee, as soon as she could get off, to go and get her supper and hurry back, and as soon as she got back they would go to the Wear Hotel to see a line of merchandise; that the lady who had the line of merchandise had been waiting all day to show them. So about 6:45 p. m. appellee, in response to said instructions, left the store to go and get her evening meal, and was to return in about 30 minutes to go and see said samples. Appellee rode a part of the way with a friend in going to her boarding house, and then got out of her friend's car, and started to cross the street to reach her boarding place, and was struck while in the street by a passing automobile, and injured. The place where appellee was injured in a public street was several

blocks away from the premises of her employer. J. W. Martin testified as follows:

• "I am president and general manager of the Martin-Dandridge Company. In that position I give instructions to my employés. On that particular evening I gave Miss Eura some instructions. To state exactly what those instructions were, I might have to go back and relate a little farther back. That day we were very busy all day, and a saleslady came in during the forenoon; had her samples all ready for us to look at. We had been buying the line for a good many years. I instructed Miss Eura to go to supper as soon as she could get off, and hurry back, so we could go over to the sample room and buy merchandise; that the lady had been waiting on us all day. The sample room was at the Wear Hotel. Miss Smith was head of her department, acting in the capacity of buyer or assistant buyer and saleslady. Her duty was to buy merchandise when necessary. At other times it was her duty to be in the department and to sell merchandise; act as a saleslady except when she was buying goods. The merchandise was bought from samples. * * * I am almost positive it was Saturday night. We remain open usually until 10 o'clock on Saturday night. * * * We keep the salesladies until 9 o'clock. * * * We were paying Miss Eura $125 per month at that time. Miss Eura did not come back to the store that night. I learned of the accident when I got back to the store from my supper."

On cross-examination the witness said:

"When I left to go to supper, I went in and told Miss Smith, 'Get off to supper as early as you can, because we will have to go over and buy goods after supper.'"

On redirect examination the witness said:

"If I had not instructed Miss Eura to come back for this special work, then it would have been her duty to come back and work until 9 o'clock that night."

[2] The only question for us to determine is whether the injury received by appellee was sustained by her while she was in the course of her employment with the Martin-Dandridge Company; or, stating the question in the light of the statutory definition of the term, "in the course of her employment." Was appellee's injury one "having to do with and originating in the work * * * of her employer and received by her while engaged in or about the furtherance of the affairs or business of her employer?" Appellee was employed as a saleslady in a dry goods store. When she was injured she was going to her boarding house to eat her evening meal. She rode from the store with a friend to a point in front of her boarding house, where she got out of the car, and, while crossing the street, was struck by another passing car, and injured. She expressly stated she was not performing any errand for her employer or delivering any parcel or doing anything relating to her employment. She was merely going home for her evening meal. To come within the meaning of the term "injury received in the course of the employment," it must be shown that the injury originated in the work, and, further, that it was received by the employé while engaged in or about the furtherance of the affairs of her employer. American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949. Even if it be conceded that the accident originated in her work because of the fact that she was going from the place of her employment to her home, still we think the second element is lacking, as it is clearly shown that she was not engaged in performing any act in furtherance of her employer's business. It is true her employer, about 6 p. m., instructed her to go as soon as she could get off and get her supper, and as soon as she returned they would go to the hotel to buy dry goods, but the evidence is undisputed that, in the absence of such instructions, she would have gone to supper and returned to the store to continue her duties as saleslady until 9 p. m., so she did nothing she would not have done in the absence of such instructions. We think appellee failed to show any right of recovery, and the trial court should have instructed for appellant. While the facts in this case are different from the facts in the cited cases, yet it is believed appellee is not entitled to recover, in view of the holding of our appellate courts in the following cases: American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Moore v. Sefton Mfg. Corporation, 82 Ind. App. 89, 144 N. E. 476.

The case having been fully developed, we hereby reverse the judgment of the trial court, and render judgment for appellant.