**CENTRAL SURETY & INS. CORPORATION v. HOWARD et al.**

No. 5868.

Circuit Court of Appeals, Fifth Circuit.

March 26, 1931.

Hobert Price and Robert B. Holland, both of Dallas, Tex., for appellant.

Gabe P. Allen, of Dallas, Tex., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge.

This is an appeal from a verdict and judgment in favor of appellees in a compensation suit brought under the Workmen's Compensation Law of the state of Texas (Vernon's Ann. Civ. St. Tex. arts. 8306–8309), for the death of Leroy Holt, the son of one, the brother of the other, appellee.

Appellant, in addition to the assignments principally relied on, that the court erred in refusing upon its motion to direct a verdict for the defendant, assigns error to the action of the court in admitting certain testimony and in giving in charge to the jury a portion of his general charge. Since we agree with appellant that a verdict should have been directed in its favor, it is unnecessary to notice the other assignments.

Appellant contends that the verdict should have been directed for it on either of two grounds: (1) That the deceased was not actually working for his employer on the day of his death, or (2) that, if he were, his injuries were not received "while engaged in and about the furtherance of the affairs or business of his employer."

Appellant's first point is untenable. The evidence discloses an employment by the week, and is ample to support a finding that on the day of the injury the deceased was actually in the employ of appellant's assured.

On the second point, however, that the injuries which caused his death were not received "while he was engaged in and about the furtherance of the affairs and business of his employer," which under the Texas statute is essential to recovery, we think that, taking the evidence in the aspect most favorable for them, appellees made no case. The immediate facts are: That the deceased met his death on a public street about a mile from

his place of employment, in a collision with a street car, while he and his brother Clarence were returning home on deceased's motorcycle. The evidence further shows that Clarence had taken deceased's place at the pharmacy that day; that he had gone to work on deceased's motorcycle; that deceased had come to the place of business later on in the afternoon; and that Clarence had finished his work for the day and was going home.

The evidence established that his employer had no interest in or connection with, and was at no expense as to, deceased's motorcycle, that he was under no obligation to use it in the way he did, and that his employer had never given him any directions about the use of the motorcycle, either for himself or for others.

Appellees contend that the evidence in its most favorable aspect shows that the deceased had general charge and supervision over the matter of delivery; that he had authority to procure additional help and did in practice often when he needed additional help go out on his own motorcycle and get it, and, since the evidence shows that he had procured Clarence to take his place on that day, that it must be presumed in favor of the verdict that, in going home with his brother at the end of the day's work, he was engaged in and about his employer's business.

The evidence does show that when an extra boy was needed deceased had the authority to get one, but as to this his employer testified: "Whether he went after him, or picked him up on the outside, I did not have anything to do with that. I did not tell him what price I would pay for the extra boy. I paid Leroy Holt and he paid the other boy."

The undisputed testimony of Butler, deceased's employer, as to the motorcycle and the use of it generally and on the day in question, was:

"I know that Leroy Holt on various occasions, or on some occasions would get on his motorcycle and go out and pick up a boy to assist on these rush occasions. I could not say whether he would carry them back home after the rush hour or not.

"Leroy Holt furnished his own motorcycle and he paid for the upkeep of it; the only expense I had was paying him $22.50 per week salary; if he hired any boy to help him make a delivery on rush orders he had to hire somebody with some sort of a vehicle to make the delivery with.

"As a matter of fact I did not have any discussion with Leroy Holt about his going out and getting boys or taking them home. On this particular day Clarence Holt was working in place of Leroy because Leroy had injured his foot the day before. I did not pay but one day's wages for that day's work to Clarence. The accident occurred around eight o'clock after the boys had gotten off from work. So far as I know they had finished for me that day.

"On this particular day I did not send Leroy Holt after anybody to work there. His brother Clarence came on Leroy's motorcycle and so far as I know, Leroy did not work on that day."

While Clarence Holt, the brother of deceased, testified: "I worked at the drug store that day. I went over there around 7:30 in the morning on Leroy's motorcycle. Leroy had hurt his ankle the day before and I went to work in his place. About 7 o'clock or somewhere about sundown Leroy and I started home I had worked at the drug store that day. Leroy furnished me a way to go to the drug store and a way to get back. It is about a mile from the Oaklawn Pharmacy to where the accident happened."

Appellees contend that this evidence is sufficient to support the finding that Leroy Holt, in taking his brother home on that day, did that as a part of the general obligation incumbent upon him to procure workers when he was unable to work, or desired assistance, and that it was a part of his understanding with his employer that he should take workers thus secured back to their homes on his motorcycle.

We think the evidence wholly fails to support this view. While it justifies the finding that Leroy Holt, the deceased, was on that day in the employ of the company, that he had the right to procure additional help when he needed it, and that in pursuance of that right he had employed his brother to take his place, there is no evidence either direct or indirect, that it was an express or implied term of his contract with his employer that he should use his motorcycle in going to and from his home, or in carrying employees to and from their homes. On the contrary, the proof shows positively that the motorcycle was his own, that his employer paid no part of the expense or upkeep of it, and undertook in no manner to direct its use, and that on this particular day Leroy Holt, having laid off his brother, had used it to get from his home to the store, and was with Leroy using it to return to his home.

Under these circumstances it is plain that no case can be made out, for, liberal though

the law is and ought to be in extending the policy coverage to employees both on and off the premises of their employers while they are engaged in their employers' work, or under some circumstances even while they are going to and returning from it, the authorities almost without dissent are to the effect that persons while going to and from their work, and therefore subject to the ordinary hazards of the public streets, are, except under special circumstances [Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Texas Employers' Ins. Ass'n v. Herron (Tex. Civ. App.) 29 S.W.(2d) 524], not on their employer's business, and there is nothing in the record which takes the case out of, or prevents the application of the rule established by the authorities [Nobles v. Texas Indemnity Co. (Tex. Com. App.) 24 S.W.(2d) 367; Guivarch v. Maryland Casualty Co. (C. C. A.) 37 F.(2d) 268; London Guarantee & Accident Co. v. Thetford (Tex. Com. App.) 292 S. W. 857; American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; London Guaranty & Accident Co. v. Smith (Tex. Civ. App.) 290 S. W. 774; Wall v. Royal Indemnity Co. (Tex. Civ. App.) 299 S. W. 319; Aetna Life Ins. Co. v. Palmer (Tex. Civ. App.) 286 S. W. 283; Southern Casualty Co. v. Ehlers (Tex. Civ. App.) 14 S. W.(2d) 111; Petroleum Casualty Co. v. Green (Tex. Civ. App.) 11 S.W.(2d) 388].

Reversed and remanded.