## MARYLAND CASUALTY CO. v. KRAMER.
### No. 6549.

Circuit Court of Appeals, Fifth Circuit.
Dec. 19, 1932.

J. Newton Rayzor and Lee M. Sharrar, both of Houston, Tex., for appellant.

John M. Gribbin, of Houston, Tex., and James A. King, of Austin, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Mrs. Kramer sought recovery under the Texas Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended), against Maryland Casualty Company as insurer for the death of her husband, Joseph P. Kramer, an employee of Folwell Engineering Company. Both sides moved for an instructed verdict. The court overruled both motions and submitted the case to the jury, who gave a verdict for Mrs. Kramer. Maryland Casualty Company appeals. The errors assigned relate to the refusal to instruct a verdict for the Casualty Company and to a charge touching the burden of proof.

Appellant says that, when both sides ask an instructed verdict without more, the judge must instruct it for one or the other. It is well settled that in such circumstances each party represents that there are no material issues of fact and in effect agrees that the facts may be passed upon by the judge. Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654; Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038. But, if there are such issues, the judge is not bound to decide them, but may properly cause the jury to exercise their constitutional function.

Most of the facts are undisputed. Folwell Engineering Company was in the business of erecting large buildings in various cities, and was at the time in question erecting a grain elevator at Houston, Tex. Kramer had been for many years a regular employee, and was such at the time of his death, which occurred after usual work hours through the overturning of an automobile belonging to the company while he was taking it from Houston to the cottage on the coast of one Visentine, who was the superintendent of construction in charge of the work. The contention arises over the question whether the

injury was sustained in the course of Kramer's employment so as to be compensable. The scope of his duties and the purpose of his trip become material. Mrs. Kramer contended, and testified, that her husband was subject to Visentine's orders at all times of day and night, and had been ordered by Visentine to take the company's car to the latter's house that afternoon to be used the next day in bringing thither another official of the company for the purpose of a business conference with Visentine and Kramer. Visentine testified that Kramer was coming out only to spend the week-end. Mrs. Kramer was corroborated by a letter dated September 6, 1930, addressed to the Industrial Accident Board and signed by Visentine, in part as follows:

"On Saturday, August 16th, we had a peculiar accident, in that one of our foremen who had been employed on our job at Houston, Texas, and had finished working at 5 P. M., but who had been instructed to take the Company's car and deliver it to the superintendent of the work at his cottage on the Gulf was killed while en route by the car leaving the road and turning over."

An eyewitness of the accident testified that in an interview with Visentine that same evening Visentine said he had left instructions with Kramer to bring this Ford car out there whenever they should shut down work at the grain elevator; that there would be a conference of some officials, and he wanted the car out there so he could come to Houston early Sunday morning and get this official and return him out there. From all this the jury might find that for the purposes of a business conference Kramer's superior under whom he worked had specially instructed him to bring out the company's car, and that he was killed in doing so. We think such facts would authorize an award of compensation. The Texas statute, Rev. Stats. of 1925, art. 8309, § 1, declares: "The term 'injury sustained in the course of employment,' as used in this law [with four exceptions not here involved] shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

The statute thus makes the place of occurrence of the injury immaterial except as it throws light on what the employee was doing. He must, when injured, be engaged in

or about the furtherance of his employer's business or affairs, and the injury must have to do with and originate in the business. It is necessary that the injury be caused at least partially by the work that the application of the statute may escape question of its constitutionality. Cudahy Packing Co. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532. Street and highway injuries out of work hours when the employee is on the way to or from work are generally too remote to be considered to originate in the work. American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Ætna Life Ins. Co. v. Palmer (Tex. Civ. App.) 286 S. W. 283; London Guaranty & Accident Co. v. Smith (Tex. Civ. App.) 290 S. W. 774; Central Surety & Ins. Corp. v. Howard (C. C. A.) 47 F.(2d) 1049; Whitney v. Hazard Lead Works, 105 Conn. 512, 136 A. 105. But street injuries may often be compensable, as where the employer furnishes transportation in connection with the employment, or the employee is using the highway in a work incidental to his employment with the knowledge and approval of the employer, and especially where the employment itself takes one onto the street or highway. Whitney v. Lead Works, supra; Consolidated Underwriters v. Breedlove, 114 Tex. 172, 265 S. W. 128; Employers' Indemnity Corp. v. Kirkpatrick (Tex. Civ. App.) 214 S. W. 956; Texas Employers' Ins. Association v. Herron (Tex. Civ. App.) 29 S.W.(2d) 524. The risks of the approaches to the place of work, such as railroad crossings, intended to be used or necessarily used, are considered to arise out of the employment. Cudahy Packing Co. v. Parramore, supra; Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S. W. 76; Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 73, 28 A. L. R. 1402. In the case last cited the Supreme Court of Texas declares: "An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business," and quotes with approval from Pace v. Appanoose County, 184 Iowa, 498, 168 N. W. 916: "What the law intends is to protect the employee against the risk or hazard taken in order to perform the master's task." We think that the construction business of the Folwell Engineering Company properly included the owning and operation of an automobile and the transporting of officials and employees to and from business conferences. If Kramer was by his superior ordered, al-

though after ordinary work hours, to bring the company's car along the highway for such a purpose, the act was in furtherance of the company's business and the risk incurred, while that to which every one driving a car may be exposed was inherent in and reasonably incident to the conduct of this part of the company's business; a risk taken in order to perform the master's work. That it was ordinarily not Kramer's job to drive a car is of no importance. Some one had to drive it, and he was ordered to. It was the master's work. Kramer's death so occasioned would be compensable. The issue properly went to the jury.

The charge complained of was in substance that the burden of proof was on Mrs. Kramer and, if the jury found the evidence preponderated for her, she should have the verdict, but, if it preponderated for the defendant, the verdict should be for the defendant. This charge was correct so far as it went. To cover all possibilities the judge might have added that, if the evidence was found so evenly balanced that there was no preponderance either way, Mrs. Kramer would fail to sustain the burden and should lose. But there was no request so to charge, and hence no error. Humes v. United States, 170 U. S. 210, 18 S. Ct. 602, 42 L. Ed. 1011.

Judgment affirmed.