## HOOPER et al. v. GREAT AMERICAN INDEMNITY CO.*

No. 8935.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1939.

William Burrow, of Dallas, Tex., for appellants.

Adair Rembert and William A. Rembert, Jr., both of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

J. A. Hooper was employed as foreman for N. E. Busby who was engaged in installing certain lighting fixtures for the Texas Centennial Exposition. On June 2, 1936, at about eight o'clock in the morning, Hooper was killed by a street car while on the Centennial grounds at a point west of the main gate and beyond the enclosure. The accident occurred during the regular hours of employment.

The legal beneficiaries of Hooper, who are the appellants here, brought suit against the employer's insurance carrier, Great American Indemnity Company, to recover compensation under the provisions of the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.St.Tex. art. 8306 et seq. At the conclusion of the testimony, the court below, on motion, instructed the jury to return a verdict for the defendant, Great American Indemnity Company, appellee.

The evidence discloses that N. E. Busby was engaged under contract with the City of Dallas, Texas, to do the floodlighting of twenty buildings on the exposition grounds. He had several other wiring and lighting contracts with the City for work on these grounds. Hooper was foreman over the floodlighting work and was under the direct supervision of Charles W. Graham, a partner of Busby. As foreman of the electricians it was his duty to walk from place to place where his men were working and to supervise their work.

On the morning of his death Hooper reported about six o'clock and received his instructions for the day from Graham and went to work. The testimony of Graham was that they had a limited number of men working under high pressure and that he told Hooper to take some of the men and put them to work on the Varied Industries Building and put others to work on the

*Rehearing denied May 11, 1939.

740

Transportation Building and send some laborers 'to the Live Stock Building. Hooper was in direct control of these several groups of men as they went about the work. The Centennial Exposition was to open in a few days and the completion of the work was being done at high speed.

B. R. Seguine, an electrician working under Hooper, testified that on the morning of the accident, at about 7:30 or 8:00 o'clock, he was engaged in placing spot lights in front of the Industrial Building. "There were three of us there, and he (Hooper) came up and was talking to us, and he said to the. helper that was with us * * * 'You stay here with Dorsey and Seguine, I am going on, on the other jobs, and I will be back in a little while to get you.'" Shortly thereafter he was killed.

Much of the lighting being installed by the electricians working under Hooper was known as indirect lighting. The light fixtures were placed so they would not be seen but where the light from them would flood the buildings and much of the grounds. The jury might well find from the evidence that Hooper, as foreman, was about the grounds to view the lights from various angles and distances. Moreover, as foreman, much latitude must be accorded him in going about the grounds and from one building to another to inspect the work and direct the different crews working under him. He was a foreman and his conduct must be judged accordingly.

The evidence further shows without dispute that Hooper was a capable and conscientious employee; that he had recently been promoted from electrician to foreman; that he was never known to leave his job for personal business; that he did not drink and that he never left the job even "for a coca-cola". Under the facts of this case there is no room for a presumption of infidelity in the performance of his duties in furthering his master's business. Cf. Employers' Liability Assurance Corporation v. Mills, Tex.Civ. App., 81 S.W.2d 1028.

The Workmen's Compensation Law should not be hedged about with strict construction, but should be given a liberal construction to carry out its evident purpose. The cause of the injury is not restricted or confined to the exact duties prescribed for the employee. Whatever may be incidental to or connected with what the employee must do within the period of employment must necessarily belong to the

employment. Southern Surety Co. v. Shook, Tex.Civ.App., 44 S.W.2d 425; Texas Employers Ins. Ass'n v. Schwarz, Tex. Civ.App., 107 S.W.2d 666; Texas Employers' Ins. Ass'n v. Herron, Tex.Civ.App., 29 S.W.2d 524. Cf. Traders & General Ins. Co. v. Pool, Tex.Civ.App., 105 S.W.2d 492, 493; Texas Rev.Civ.St. art. 8309.

 The evidence here, if believed by the jury, would justify the finding that at the time of the accident Hooper was engaged in the line and scope of his employment and about his master's business.

We are of opinion and so hold that the evidence was sufficient to carry the case to the jury. The court erred in directing a verdict for the defendant.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.