**NEW YORK CASUALTY CO. v. WETHERELL.**

**No. 13649.**

United States Court of Appeals Fifth Circuit.

Feb. 1, 1952.

Rehearing Denied Feb. 27, 1952.

Hutcheson, Chief Judge, dissented.

Raymond A. Cook, James R. Connor, Houston, Tex., for appellant.

Arthur J. Mandell, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

Mrs. Wetherell sought recovery under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., against New York Casualty Company, as insurer, for the death of her husband Thomas W. Wetherell, an employee of A. J. Schill Company. At the close of the evidence the insurance carrier moved for an instructed verdict. The court overruled the motion and submitted to the jury the one issue as to course of employment at the time of the injury. The jury found that the decedent was in the course of his employment when he received the injuries resulting in his death and the court rendered a judgment on the jury verdict in favor of Mrs. Wetherell in the lump sum of $4,749.-63. New York Casualty Company appeals. The errors assigned relate to the refusal to instruct a verdict for the Casualty Company and to the refusal to grant its motion to set aside the verdict and for judgment *non obstante veredicto*.

The sole question presented by this appeal is the sufficiency of the evidence to

raise a jury question on the issue of whether decedent, Wetherell, sustained an injury in the course of his employment by the A. J. Schill Company. The appellant insists that the question must be answered in the negative. Further, that the evidence establishes as a matter of law that decedent's injuries did not have to do with and originate in the work for which Wetherell was employed, and that such injuries were received at a time when the deceased was not engaged in or about the furtherance of the employer's affairs or business.

The undisputed facts show that Thomas W. Wetherell had been for more than a year a regular employee of A. J. Schill Company and was such at 6:10 A. M. on the Sunday morning of September 11, 1949, when during his hours of work he was struck and killed by a railroad train on a private spur track at a point approximately 400 yards distant from the plant where he worked. Wetherell was employed by A. J. Schill Company as a nightwatchman. By the terms of the contract of employment he was required to be in the Schill plant each day and on week ends he was on continuous uninterrupted duty from Saturday at noon until 7:30 o'clock Monday morning but, in accordance with the terms of his contract of hire, he was allowed to go home each Sunday to eat a hot breakfast and pick up his lunch. In regard to his trips to his home, no directions were given him as to the route, manner or time of getting there. He usually walked home around 5:30 or 6:00 and returned promptly after eating his breakfast. He went to work with the agreement and understanding that he would be paid at the rate of $25 per week and that he would be on company time and was to be paid for the time consumed in going home and returning to work.

Pertinent in arriving at a solution of the question here presented is that portion of the Workmen's Compensation statute found in Article 8309, Sec. 1, Vernon's Ann.Civ. St., which provides that the term "injury sustained in the course of employment" as used in the law "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." The Texas courts in construing this statute, following the rule announced by the Supreme Court of Massachusetts in the case of In re McNicol, 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306, have consistently held that "in order that an employee may recover under the provisions of this law, proof that his injury occurred, while he was engaged in or about the furtherance of the employer's affairs or business is not alone sufficient. He must also show that his injury was of such kind and character as had to do with and originated in the employer's work, trade, business, or profession." Texas Indemnity Insurance Co. v. Clark, 125 Tex. 96, 81 S.W.2d 67, 69, and authorities there cited.

It is the general rule, established by the great weight of authority, that where an injury occurs at a time not within a contractual exception, employees may not recover compensation for injuries received while going to and from the place where they are to perform labor for the employer. The following are but some of the many cases in which compensation has been denied to employees who were injured out of work hours in going to and from work. American Indemnity Co. v. Dinkins, Tex. Civ.App., 211 S.W. 949; London Guaranty & Accident Co. v. Smith, Tex.Civ.App., 290 S.W. 774; Aetna Life Ins. Co. v. Palmer, Tex.Civ.App., 286 S.W. 283; Central Surety & Ins. Co. v. Howard, 5 Cir., 47 F.2d 1049; Maryland Casualty Company v. Kramer, 5 Cir., 62 F.2d 295. But injuries received while going to and returning from work may often be compensable as where, by the terms of the contract of employment, the employee is required to perform services for the employer upon the streets; or where injury occurs at a place furnished by the employer in the interest of his business as the necessary and immediate means of access to where the employee is required to labor, or in such close proximity and relation to the employer's premises as to be in practical effect a part of the employer's premises; or where the contract provides

for transportation or that the employee should be paid for the time taken in going to and returning from his place of employment; or in cases of salesmen, messengers, deliverymen and the like, who are required and obliged to be continuously on the street in the course of their employment, or to those who are sent on missions for the employer to places other than where they ordinarily work. Where the line is to be drawn in each case is to be determined by the facts themselves. The Texas cases construing and applying the Workmen's Compensation Law have laid down no exact formula which will solve every case involving the question whether or not a given accident is so intimately related to the employment as to come within the term "injury sustained in the course of employment" as defined by the applicable statute. American Mutual Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844; Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 250.

■■ Street injuries may be compensable where the employee is using the highway in a work incidental to his employment with the knowledge and approval of the employer. See Maryland Casualty Co. v. Kramer, 5 Cir., 62 F.2d 295, certiorari denied 288 U.S. 611, 53 S.Ct. 403, 77 L.Ed. 985; Cf. Fumiciello's Case, 219 Mass. 488, 107 N.E. 349. Or, as was declared in Kent v. Virginia-Carolina Chemical Co., 143 Va. 62, 129 S.E. 330, where in going to and coming from work the time consumed is paid for or included in the wages. An employee in the course of his employment may do any act of a personal nature that a person might reasonably do, such as quenching his thirst or relieving his hunger, performance of which while at work are reasonably necessary to his health and comfort. These acts are incidental to his service and injuries sustained in their performance arise out of the employment and are compensable under the statute. Casualty Reciprocal Exchange v. Johnson, 5 Cir., 148 F.2d 228; 45 Tex.Jur., p. 511 § 108; Rainford v. Chicago City R. Co., 289 Ill. 427, 124 N.E. 643. In Hooper v. Great American Indemnity Co., 5 Cir., 102 F.2d 739, 740, this court declared: "The Workmen's Compensation Law should not be hedged about with strict construction, but should be given a liberal construction to carry out its evident purpose. The cause of the injury is not restricted or confined to the exact duties prescribed for the employee. Whatever may be incidental to or connected with what the employee must do within the period of employment must necessarily belong to the employment."

■ The danger that Wetherell encountered was peculiar to the long period of uninterrupted duty and the necessity of going home to secure nourishment gave rise to it. It was not the danger of an ordinary member of the public crossing the private way on his own business, but was the subjection of Wetherell to that danger by the conditions of his employment. When once, as here, it is clear that the accident was the result of a risk necessarily incidental to the performance of the employee's work, all inquiry as to the frequency or magnitude of the risk is irrelevant. Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192.

■ The Supreme Court of Texas has declared that: "An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business. As tersely put by the Supreme Court of Iowa:

" 'What the law intends is to protect the employee against the risk or hazard taken in order to perform the master's task.' Pace v. Appanoose County, 184 Iowa 498, 168 N.W. [916] 918." Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S.W. 72, 73, 28 A.L.R. 1402; Jones v. Casualty Reciprocal Exch., Tex.Civ.App., 250 S.W. 1073, 1074. Allowing Wetherell to return to his home for a hot meal during a forty-three and one half hour stretch of continuous uninterrupted duty doubtless contributed to the efficiency with which he was enabled to discharge the duties owing his employer. The employer agreed to this condition in order to induce Wetherell to work on this job. It was an important part of their contract of employment. The in-

jury occurred during work hours at a time and place where Wetherell might reasonably be in doing that which was incident to the conduct of his work. Gallaher v. United States Fidelity & Guaranty Co., Tex.Civ.App., 77 S.W.2d 312, 316. It may not therefore be said that the injury did not arise out of and in the course of his employment.

Our conclusion is that the jury had substantial evidence upon which to base its findings that the deceased received his injuries while in the course of his employment.

Judgment affirmed.

STRUM, Circuit Judge (concurring).

I concur in the foregoing opinion by Judge BORAH.

This is not the ordinary case of an employee injured while away from his employer's premises to secure a meal on the employee's own time, during which his employment is temporarily suspended. It is clear that in such circumstances an employee is not covered by the Texas Workmen's Compensation Act, and the majority opinion herein should not be interpreted as a departure from that rule. What we have here is a contractual exception to the general rule.

It was expressly agreed between this employer and employee, as part of the contract of employment, that the employee would be continuously on duty from 12 noon on Saturday to 7:30 a. m. on Monday,—43½ hours; that he could go to his nearby home for a hot breakfast on Sunday morning; and that while he was getting his breakfast he "would be on company time, and that he would be on the payroll." It was beneficial to the employer to have him do this, as it enabled him to better perform his duties as watchman during the long interval involved. He was killed while proceeding to get his breakfast in the manner contemplated and sanctioned by his contract of employment, not on his own time, but on the company's time.

This situation is analogous to that in which an employee is injured while going to or returning from work, when his contract of employment requires the employer to furnish him transportation to and from his home, in which circumstances the employee is covered by the Texas Act, although he is not *required* to use the transportation so furnished but merely has the privilege,— just as this employee was not required to go home for his breakfast, but was permitted to do so by his contract of employment. Great American Indemnity Co. v. Ortiz, 5 Cir., 193 F.2d 43.

In Southern Surety Co. v. Shook, Tex. Civ.App., 44 S.W.2d 425, 427, an employee was engaged to attend and operate an oil well pump located in a remote rural spot. While at a point about one-half mile from the pump, for the purpose of hunting wolves, he was murdered by one of his hunting companions. He was held to be covered by the Act, and an award sustained, on the ground that while hunting he was still in the course of his employment because he could hear the pump from where he was hunting. The Texas Court of Civil Appeals, which decided the case, said: "When a man is employed to work at any job, the fact that he is a human, with ordinary human habits and requirements, is necessarily taken into consideration."

In Texas Employers Ins. Ass'n v. Monroe, Tex.Civ.App., 216 S.W.2d 659, 662, the employee was a tool-pusher, who was on duty 24 hours a day, subject to call at all times, and was authorized to use his own judgment in his comings and goings around the oil well where he was employed. His duties, which included keeping the well-operation in supplies, required him to make frequent trips between the well and Houston. He was found dead in his car, which had plunged into the Houston Ship Channel, between the oil well and Houston, and in the area through which he was frequently required to travel in the course of his employment. It does not appear that he was carrying tools at the time. Though it appeared that he was intoxicated a short while previous to the accident, he was held covered and an award sustained.

The Texas Court of Civil Appeals, which decided the case, said: "It thus appears that under this contract (of employment) the movements the deceased made, and which

resulted in his fatal accident, were customary, were known to his employer, and had its approval. In these circumstances, under our authorities, he was within the course of his employment at all times up to his fatal accident, hence he had not deviated therefrom."

If an employee is covered in the circumstances above related because engaged in activities incident to his employment, he is certainly covered here, where he was proceeding in a manner and for a purpose expressly sanctioned by his contract of employment, doing so with the knowledge and approval of his employer, and on the employer's time,—not his own.

HUTCHESON, Chief Judge (dissenting).

If my differences with my erring brothers went no deeper than a disagreement as to the application to the facts of the established rules in Texas governing the compensability of off the premises injuries,—if, in short, their error were a mere mental aberration, I should let them go their erring ways in peace, while, sorrowful but silent, I went my own, wrapped in the ineffable impeccability of my own unerring rectitude, trusting to time and reflection to call them to repentance.

Since, however, my differences strike far deeper, go, in fact, to the very structure of the law itself, I feel constrained to lift my voice in protest so as to point out to them and posterity the wherein and why of their erring. A brief statement will suffice to set the stage for the demonstration of my point.

We are all agreed that the controlling rule of law in this case is that of the statute itself. Art. 8309, Sec. 1, Subd. 4, Tex.Rev. Civ.Stat., provides as follows:

"The term 'injury sustained in the course of employment,' as used in this law * * * shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employé while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

We are also agreed that this provision has been consistently construed and applied by the Texas courts to deny coverage to employees going to or from work even though the trip was for a meal during the working day. American Indemnity Co. v. Dinkins, Tex.Civ.App., 211 S.W. 949; Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192; Banks v. Commercial Standard Ins. Co., Tex.Civ.App., 78 S.W.2d 660; London Guaranty & Accident Co. v. Smith, Tex.Civ.App., 290 S.W. 774.

In the case of Smith v. Texas Employers' Insurance Association, 129 Tex. 573, 105 S.W.2d 192, 194, the Supreme Court denied coverage to an employee, subject to call by his employer at all times, injured on a public highway while on the way back to work from his evening meal, and stated in part its opinion as follows: "It appears to be the settled rule that even though the contract of employment contemplates that the employee, while engaged generally in the performance of his duties, may be subjected to the perils and hazards of the streets and highways, nevertheless in order that an injury resulting from the risks of the streets may be compensable, the employee, at the time of the injury, must be actually engaged in the performance of some particular duty of his employment, or must be upon some substantial mission of his employer in the course of his employment, which subjects him to such perils. * * * We are unable to see how it can be said that the deceased employee in this instance occupied a position in any sense different from the ordinary employee who is injured while returning from his meals, in his own conveyance, to the place of his employment. The *fact that he may still have been within the hours of his employment, or the fact that he was subject to call while at his home, is not controlling. These conditions may have been sufficient to bring the accident within the 'course of the employment,' but they could not in any manner change the situation with reference to the risks which were directly responsible for the injury. As above stated, it was undisputedly shown that if the deceased was on his way to the office for any purpose connected with his employment, such service was to be performed up-*

*on the premises, and not upon the streets.* This circumstance brings the case in principal squarely under the decision in the Aetna Life Ins. Co. v. Palmer, supra (Tex. Civ.App. 286 S.W. 283, writ ref.), where it was held that the injury in question did not come within the compensation law. *It is true in practically all cases that the employee who goes to his home for his meals is perforce his contract subject to call to return to his place of employment when he has finished his meal."* Emphasis supplied.

Similarly in the case of Banks v. Commercial Standard Insurance Co., Tex.Civ. App., 78 S.W.2d 660, coverage was denied to an employee injured while crossing a thoroughfare in front of the premises while on his way to a restaurant across the street for lunch even though the employee was given only thirty minutes for lunch and showed that he had been delayed several minutes of this time by his employer before the injury.

Also, in the case of London Guaranty and Accident Company v. Smith, Tex.Civ. App., 290 S.W. 774, it was held that a saleslady required by her employer to work on Saturday night until 9 o'clock and instructed on the Saturday night in question to go to her supper early and return in order to assist the employer in buying some goods was not injured in the course of her employment though injured while going to supper pursuant to those instructions.

This entire field of compensation law has received interesting reviews and summations in two recent cases by the Texas courts, Jasper v. Texas Employers Insurance Association, Tex.Civ.App., 206 S.W. 2d 646 and American Motorist Ins. Co. v. Steel, Tex.Civ.App., 229 S.W.2d 386, 388. In the last named case coverage was denied an employee injured while on the way home by a metal shaving which had attached to his hair during his work, and, in the opinion by Judge Speer, the court stated in part as follows:

"It is the settled doctrine in this state that where an injury occurs at a time not within a contractual exception, employees may not recover compensation for injuries received while going to and from the place where they are to perform labor for the employer. Naturally this general rule does not apply to employees whose duties involve traveling over the country nor to those who are sent by their superiors on missions for the employer to places other than where they ordinarily work. None of these exceptions to the general rule exist in this case.

*"In view of the specific definition of compensable injuries set out by our laws, as hereinabove quoted, construction by courts of compensation laws in those jurisdictions where such definitions do not exist is not helpful to us."* (Emphasis supplied.)

We are agreed, too, that injuries received by employees off the premises do not originate in or arise out of their employment unless occurring within recognized restricted or exceptional circumstances, and that street or "off the premises" injuries are not compensable unless they are within recognized exceptions.

I had thought, until I read their opinions, that we were all agreed that these exceptions are four in number and that for "off the premises" injuries in Texas to be compensable, they must fall within one of these four exceptions.

The first of these exceptions (a) is where the employer furnishes the conveyance. This familiar exception, exemplified by Texas Employers' Insurance Association v. Inge, 146 Tex. 347, 208 S.W.2d 867, with all deference to Judge Strum's contrary view, is not applicable directly or by analogy, there being no evidence that the employee in this case had anything to do with, or made any proffers to decedent as to his means of transportation.

The second (b) is where an employee is performing a mission for the employer off the premises. This exception would be applicable here if, as contended by appellee in her reply brief, the decedent was returning home for his meals, not by permission *but under the orders and direction of the employer.* Set out in the note [1] is the

---

1. *"Thomas W. Wetherell was actively engaged in the execution of his employer's* *business, in the manner, at the time, and at the place of his employer's direction.*

statement appellee's counsel made in his reply brief, showing his complete recognition of the fact that if the employee was going home by permission and not by compulsion, there would be no liability. A typical case of this kind is Knipe v. Texas Employers Ins. Association, Tex.Civ.App., 234 S.W.2d 274.

The third (c) is where employees are subject in the doing of their work to street risks. Typical cases under this exception are Texas Employers Ins. Ass'n v. Monroe, Tex.Civ.App., 216 S.W.2d 659 and Jones v. Texas Indemnity Ins. Co., Tex.Civ.App., 223 S.W.2d 286.

The fourth (d) covers employees injured on "access" required by the employment. A typical case is Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402, and Texas Employers Ins. Ass'n v. Anderson, Tex.Civ.App., 125 S.W.2d 674. This exception is completely without application here because the injuries did not occur at, or in connection with, any established "access" route.

Until the majority opinion was written in this case, no court, in the opinions I have found dealing with Texas cases, has held that a person employed and paid by the week receives compensable injuries while going to and from his meals with the permission of his employer, merely because the employer tells him, as was testified by appellee.[2] that he could come home and get his meals, and he would be on company time and on the payroll.

As I understand their views, my associates agree with me that the statement attributed to the employer about going home to meals was permissive, and, therefore, when the employee went home it was because he wanted, and not because he was ordered, to.

They disagree with appellee's counsel, that the statement was mandatory, and that, therefore the deceased "was not exercising

*The deceased was not exercising a privilege to return to his home and eat.* He was performing a necessary part of his activities during the continuous, unbroken, thirty-one and one-half hour employment period. It is inhuman to believe that any employer would contemplate requiring a seventy year old man to remain alert and active in the protection of a valuable property for thirty-one and one-half hours without food. Indeed, the evidence is conclusive that no such requirement was ever in the mind of Thomas W. Wetherell or his employer. *He was directed to run to the place where he lived, in the small hours of Sunday morning, at the midpoint of his unbroken employment period, gobble a hasty breakfast, snatch up a supply of cold food sufficient to stay him for the balance of his employment period, and return in haste to A. J. Schill's plant,* where he then remained for the period of Sunday, Sunday night, and Monday morning. *His pay continued during this time, and the fact that it was a weekly stipend does not detract from the fact that it continued during the brief time he was directed to be away from the plant eating.* He is not in the same position as an employee on a weekly wage who is struck down while returning home at the end of a day's work or a week's work. Thomas W. Wetherell was not 'going home'. His employer might have chosen to provide cooking facilities or at least, position or place to eat in the plant, or it might have chosen to order Mr. Wetherell to eat in a nearby restaurant, boarding house, or cafe. It did none of these things, although it recognized that in order to procure his services and to avail itself of the benefits of his services over a thirty-one and one-half hour work period, it would be necessary to provide him with food somehow. *It was his employer's choice that the food should be eaten in the place where Wetherell lived, not Wetherell's choice. It was at the direction of his employer that Wetherell performed his work in this manner.*" (Emphasis supplied.)

2. "The bookkeeper told him in my presence, and Mrs. Mary Link's presence, or Grandma Linck's presence, that he would go to work at 4 o'clock in the evening, that is during the week, and on Saturday he would go to work at 12 o'clock and be off on Monday morning at 7:30, *and I asked him about his meals, and he told me, told both of us, he would be on company time, and he would be on the payroll, but that he could come home and get his meals any time during Sunday,* and he could come home Sunday morning and get a hot breakfast." " * * * no one didn't relieve him, because the bookkeeper said no one would have to relieve him. *He said to just close it up and go home and get his meals, and it would be all right until he came back.*"

a privilege to return to his home and eat". But for the language in the statement that he would be on the payroll and on company time, they would agree with me that this permission to go home would not constitute an exception to the general rule, indeed would bring the case directly within it.

They agree with me that he was not, they disagree with appellee's counsel that he was, "directed to run to the place where he lived * * * and return in haste to the plant * * *".

They agree with me that he was not, they disagree with appellee's counsel that it was, "his employer's choice that the food should be eaten in the place where Wetherell lived, not Wetherell's choice. It was at the direction of Wetherell's employer that Wetherell performed his work in this manner."

Thus disagreeing entirely with appellee's counsel, a seasoned Texas lawyer with wide experience in compensation suits, that, unless these statements were mandatory directions and not merely stated permissions, there could be no recovery, my associates have created an additional exception to the Texas law. This is one making injuries received while the employee is off the premises with the permission of his employer, going to and from meals, compensable if and when, in discussing the terms of the employment with him, the employer states that "he will be employed on a weekly basis, and when he goes to and from his meals he will be on the payroll and on company time."

With great deference, this holding is directly in the teeth of the leading Texas case on the subject, Smith v. Texas Employers Ins. Ass'n, quoted from at length, supra, and particularly these quotations from it: " * * * nevertheless in order that an injury resulting from the risks of the streets may be compensable, the employee, at the time of the injury, must be actually engaged in the performance of some particular duty of his employment, or must be upon some substantial mission of his employer in the course of his employment, which subjects him to such perils. * * *"

and, still quoting, with only the substitution of "I am" for "we are": "I am unable to see how it can be said that the deceased employee in this instance occupied a position in any sense different from the ordinary employee who is injured while returning from his meals, in his own conveyance, to the place of his employment. The fact that he may still have been within the hours of his employment, or the fact that he was subject to call while at his home, is not controlling."

If this case states the law in Texas, and not even appellee's counsel disputes it, I believe that my associates have fallen into the error of attributing to the words, "he would be on company time", and "he would be on the payroll when he went home to his meals", a legal significance which they do not have and thereby have created a fifth exception to the general principle that recovery for injuries received off the premises and upon the streets, are not compensable.

As the Supreme Court said, in Smith v. Texas Employers Ins. Association, supra, so I say here: "It was undisputedly shown that if the deceased was on his way to the office for any purpose connected with his employment, *such service was to be performed upon the premises, and not upon the streets.* This circumstance brings the case in principle squarely under the decision in the Aetna Life Insurance Company v. Palmer, supra (Texas Civ.App. 286, S.W. 283, writ ref.), where it was held that the injury in question did not come within the compensation law. It is true in practically all cases that the employee who goes to his home for his meals is perforce his contract subject to call to return to his place of employment when he has finished his meal." Believing that the decision of my brothers engrafts an inadmissible exception upon the Texas Workmen's Compensation Law, and that the law should be otherwise declared and the judgment reversed, I respectfully dissent from its affirmance.

Rehearing Denied; Hutcheson, Chief Judge, dissenting.